



# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS

ATTORNEY GENERAL



Honorable George H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:

Opinion No. O-5305

Re: May the Comptroller
of Public Accounts issue
warrants against the
available school fund
payable to school district
of another state, for
amount of per capita
apportionment of children
transferred to such
school under Article 2699a, V.
A.C. S.

Your letter of January 6th is as follows:

"Is this department authorized to issue
warrant on a proper claim against the available
school fund to a school district or school
institution outside of the State of Texas, or
does the Constitution limit the issuance of
warrants against the available school fund to
school districts and institutions within the
State?

"I am enclosing copy of a letter received
from Mr. W. C. Cummings, County Superintendent,
Fannin County, Bonham, Texas, that will throw
some light on the question.

"I also refer you to Art. 2699a."

Mr. Cummings' letter, referred to in your
communication, states that in Fannin County a number
of children living within the State of Texas are cut
off from the schools in this State by the Red River
and that there are no crossings on the river at a
point that will enable them to attend school in a
Texas school district. Article 2699a V.A.C.S. provides:

"Any child who would be entitled to attend
public school of any district that lies on
the border of Louisiana, Arkansas, Oklahoma
and New Mexico, and who may find it more
convenient to attend the public school in
a district of a County of said State con-
tiguous to said district in Texas, may have
the State and County per capita apportion-
ment of the Available School Fund paid to
said district in said State and may have
additional tuition, if necessary, paid by
the district of his residence on such terms
as may be agreed upon between the trustees
of the receiving district and the trustees
of the district of residence of such child
subject to the approval of the County Super-
intendent and the County Board of Trustees
of the Texas district and county; provided,
that the restrictions of the Texas Statutes
shall apply to the amount paid for high
school tuition.  Acts 1931, 42nd Leg., p. 192,
ch. 113 § 1."

As we understand this inquiry you ask first
whether under Article 2699a the Comptroller is directed
to issue warrants against the available school fund pay-
able to school districts or school institutions located
outside of the State of Texas, and if the article so
provides whether it is valid under constitutional limita-
tions.  As we read Article 2699a, surpa, it does not pro-
vide for the issuance by the Comptroller of warrants
against the Available School Fund payable to school
districts outside of the State of Texas which are
attended by children who have transferred under the pro-
visions of that statute.  The statute merely provides
a method for the transfer of such students and authorizes
the payment of the amount of their per capita apportion-
ment to the receiving district, without specifying the
procedure for making such payment and specifically without
directing that the Comptroller shall make payment to the
receiving school.

The Comptroller is authorized to issue warrants in distribution of the State Available School Funds payable only to those county or school district depositories which have qualified as such under the laws of this State. Article 2663, R. C. S. 1925; articles 2728 et seq., V. A. C. S. Warrants payable to school organizations outside of the State clearly are unauthorized in the light of those statutes; and, as they were designed to protect the public school funds of this State from loss or unauthorized expenditure, it should not be presumed that the legislature intended to change or alter their provisions in the enactment of statutes not expressly purporting to do so, unless that intention is expressed clearly.

You are therefore advised that in our opinion, the Comptroller is not authorized under Article 2699a, supra, to draw warrants in distribution of the State Available School Funds payable to or in favor of school districts located without the boundaries of the State of Texas.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By Gaynor Kendall

Gaynor Kendall
Assistant

CK:ncd
orl.
Id.

1944

GENERAL OF TEXAS



APPROVED
OPINION COMMITTEE
BY BWB
CHAIRMAN